UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**NEW MEXICO HORSEMEN'S ASSOCIATION,**

    Plaintiff,

vs.                                                                 Cause No. 1:21-cv-00592-JHR-KK

**NEW MEXICO RACING COMMISSION,**

    Defendant.

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant New Mexico Racing Commission ("NMRC"), by and through its counsel, Jackson Loman Stanford Downey & Stevens-Block, P.C. (Eric Loman) submits the following reply in support of its Motion to Dismiss (Doc. 62).

### Introduction

Plaintiff's Response spends much time arguing about claims this Court has already dismissed. The only claim that survived the first rounds of motion practice is very narrow: Was NMRC's May 2021 Administrative Order[1] in retaliation for NMHA's filing of a declaratory judgment action, identified as case D-202-CV-2020-6564.

As demonstrated below, the rest of the grievances discussed in NMHA's Response have already been adjudicated and dismissed by this Court. The Motion should be granted because the only remaining claim has been made moot by the New Mexico Administrative Code.

### Points and Authority

    I.    <u>Plaintiff's Response Airs Grievances Not At Issue.</u>

---

[1] The Administrative Order and 1% Diversion are described in detail in the Court's Order (Doc. 41), pp. 2-3.

1

The Court has summarized Plaintiff's First Amendment Retaliation claim as "Defendants issued their order in retaliation for Plaintiff's decision to file a declaratory judgment lawsuit against Defendants." See Order (Doc. 41), p. 8.  This is the only claim that survived Rule 12(b)(6) motion practice. *Id.*, p. 16 ("The only remaining federal claim is First Amendment retaliation against the Commission.").  Plaintiff's Response attempts to muddy the water by raising other grievances raised that have nothing to do with the claim before the Court or the instant Motion.

For example, Plaintiff's Response complains the "Horsemen as an organization are not allowed to address the Commission except through its attorney." See Response, p. 2-3.  This claim has already been reviewed and dismissed by the Court. See Order (Doc. 41), p. 10-11.

Plaintiff then complains the 1% Diversion was stopped by Defendant. See Response, p. 3 ("Second, contributions … cannot be taken as a deduction…").  It is at this point of Plaintiff's Response- and with an incredible air of righteous indignation- that NMHA says the quiet part out loud:

> "The argument that the Horsemen can get donations some other way is ludicrous - even fools know if you do not get the contributions while the contributor has the money getting it later is difficult and virtually impossible." See Response, p. 3.

NMHA acquires its 'members' directly from NMRC's licensing rolls.  In other words, for many years, when an owner or trainer received his racing license, he was automatically 'enrolled' in NMHA's membership.  NMHA was then funding itself through the 1% Diversion.  In other words, horsemen neither chose to join NMHA nor to pay NMHA.  NMHA apparently now concedes that if it were required to convince members to join and pay voluntarily, it would receive no 'contributions.'  NMRC is aware of no other organization that operates in this fashion. Indeed, and for comparison, the New Mexico Horse Breeders Association collects annual membership

dues from its members, who exercise their free will to pay them.[2]  Although not necessary for the instant Motion, Plaintiff's diatribe illustrates why NMRC put a stop to the 1% Diversion. It was unfair to individual horsemen, who were not choosing- and now undisputedly would not choose- to pay 1% of their purses to NMHA.

This Court has already found NMHA has no protected interest in the 1% Diversion.  (Doc. 41, p. 11-14) (… "Plaintiff has failed to state a claim … because it has not demonstrated a protected property interest in collecting its membership dues by deducting them automatically from members' purse money.").  This issue has already been resolved by the Court and is not relevant to the instant Motion.

The rest of the grievances found at pp. 3-4 of the Response have nothing to do with the only pending claim or the instant Motion. This case does not involve a challenge of any other administrative action, all of which would have remedies pursuant to State law. See Rule 1-075 NMRA (describing process for seeking District Court review of an administrative action).  The Motion should be granted.

      II.      Plaintiff's Only Remaining Claim Does Not Provide Monetary Damages.

The law on this is clear and supported by the authority provided in the instant Motion. While 42 U.S.C. §1983 provides a claim for damages against individuals, only prospective injunctive relief is available against a State.  At page 5 of its Response, Plaintiff cites several cases, none of which supports any other conclusion.

For example, *Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099 (1985) discusses whether awards of attorney's fees and costs can be levied against a State, but expressly reinforces that money damages are not available. *Id.* at 169 (noting "[n]onetheless, given Eleventh Amendment

---

[2] https://nmhorsebreeders.com/membership/

doctrine, there can be no doubt this damages action did not seek to impose monetary liability on the Commonwealth."). Indeed, that very case cited by Plaintiff reminds us "the Eleventh Amendment bars a damages action against a State in federal court." *Id.* (citing *Ford Motor Co. v. Dept. of Treasury of Indiana*, 323 U.S. 459, 464 (1945).

Plaintiff then argues qualified immunity does not apply to a claim seeking injunctive relief. Defendant's Motion does not invoke qualified immunity, nor any other immunity with respect to the request for injunctive relief. To be clear, Plaintiff's claim for <u>damages</u> against NMRC is barred by Eleventh Amendment immunity. Plaintiff's claim for injunctive relief is barred for mootness, as addressed below.

Finally, Plaintiff claims it is "entitled to damages" without further explanation and citing *Naucke v City of Park Hills*, 284 F.3d 923 (8th Cir. 2002). <u>See</u> Response, p. 5-6. Plaintiff does not provide a page cite, so it is unclear which passage of *Naucke* Plaintiff believes supports its position, but it is notable that the defendants in that case included a city administrator in his personal capacity, which would entitle a plaintiff to money damages pursuant to 42 U.S.C. § 1983. *Id.* at 923 (identifying defendant James Link "personally" as well as in his official capacity in the case caption). There is certainly nothing in *Naucke* that undoes decades of Eleventh Amendment jurisprudence.

Authority on this issue clear and well settled. Plaintiff is not entitled to damages against the only remaining Defendant in this case because NMRC is a State agency. The Motion should be granted.

    III.    <u>Plaintiff's Claim For Injunctive Relief Is Moot.</u>

In its Response, Plaintiff addresses the mootness of its claim by complaining about the current state of the New Mexico Administrative Code, specifically 15.2.3.8(D)(4)(a) (the "Rule").

4

Regardless of Plaintiff's opinion of the Rule, it is part of the Administrative Code and therefore carries the force of law. *See, e.g. City of Albuquerque v. N.M. Public Regulation Comm'n*, 134 N.M. 472, 480-481 (2003).  When the "Legislature grants agencies the discretion of promulgating rules and regulations [they] have the force of law." *Duke City Lumber Co. v. N.M. Envtl. Improvement Bd.*, 101 N.M. 291, 292 (1984).  An agency's "rules and regulations have the binding effect of statutes and may accordingly alter the common law." *City of Albuquerque,* 134 N.M. at 481 (citing *In re A Declaratory Ruling by the N.C. Comm'r of Ins.*, 134 N.C.App. 22, 517 S.E.2d 134, 140 (1999)).

The Rule does not allow for the 1% Diversion, and that is the law of the land.  The only relief available to Plaintiff under the only remaining claim would cancel the Administrative Order, which has been superseded by the Rule.  As such, there is no relief available to Plaintiff in this case, and its claim is moot.  The Motion should be granted.

### IV.     Response To Plaintiff's Motion To Reconsider.

Finally, at page 9 of Plaintiff's Response it embeds a motion to reconsider the Court's Memorandum Opinion and Order Granting Defendants' Motion to Dismiss All State Claims (Doc. 43).  In that Order, the Court dismissed Counts 5, 6, 7, 8, and 9 of the Amended Complaint, which made various claims under New Mexico law.  Now, some eight months later, Plaintiff moves the Court to alter its Order so that these State law claims are dismissed with prejudice, for the express purpose of refiling them in State court.

First, the Motion should be summarily denied because it is not properly filed.  The Court should exercise its discretion in directing Plaintiff to file this motion as a separate pleading.

But the Court should also deny the request to reconsider on its merits. Plaintiff filed this action in this Court, thereby choosing to have this Court adjudicate its State law claims. Now, after having this Court explain why those claims are not viable, Plaintiff criticizes this Court for not declining supplemental jurisdiction and allowing a State court to resolve them.

This Court had jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a). Further, a district court may "decline to exercise supplemental jurisdiction if … the district court has dismissal all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). This Court's previous orders did not dismiss every federal claim made by Plaintiff. Further, whether to exercise or decline supplement jurisdiction is a matter of the Court's discretion. *See, e.g., Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004)(holding "supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion"). Plaintiff asked this Court to hear its State law claims. Plaintiff should not now be helped to create unnecessary litigation in State Court because it did not like this Court's ruling. Plaintiff has appeal rights if it believes this Court erred, and that is where Plaintiff should look.

## Conclusion

The Eleventh Amendment protects NMRC from any claim for damages. Plaintiff's only request for prospective injunctive relief is moot because the Administrative Order it seeks to reverse has been superseded by a regulation. Plaintiff's claim for First Amendment retaliation against NMRC should be dismissed.

**WHEREFORE** NMRC respectfully requests Count I of the Amended Complaint be dismissed.

Respectfully submitted,

**JACKSON LOMAN STANFORD DOWNEY & STEVENS-BLOCK, P.C.**

/s/ by Eric Loman
Eric Loman
Counsel for Defendant
201 Third St. N.W., Ste. 1500
Albuquerque, NM 87102
(505) 767-0577
eric@jacksonlomanlaw.com

I certify the foregoing was served on all counsel of record on July 5, 2023.

/s/ by Eric Loman
Eric Loman